# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROGER LLOYD,

        Defendant-Appellant.

UNPUBLISHED
December 8, 2015

No. 323108
Oceana Circuit Court
LC No. 13-010095-FC

Before: RONAYNE KRAUSE, P.J., and MARKEY and M. J. KELLY, JJ.

PER CURIAM.

Defendant was convicted by a jury of two counts of first-degree criminal sexual conduct (victim less than 13 years of age), MCL 750.520b(1)(a); and three counts of second-degree criminal sexual conduct (victim less than 13 years of age), MCL 750.520c(1)(a). Defendant was sentenced to 25 to 75 years' imprisonment on each of his first-degree criminal sexual conduct convictions and 3 to 15 years' imprisonment on each of his second-degree criminal sexual conduct convictions. He appeals as of right, arguing that the trial court erroneously admitted evidence against him. We affirm.

We review a trial court's decision whether to admit or exclude evidence for an abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). However, preliminary legal determinations of admissibility are reviewed de novo; it is necessarily an abuse of discretion to admit legally inadmissible evidence. *People v Gursky*, 486 Mich 596, 606; 786 NW2d 579 (2010). This Court generally will not reverse a conviction on the basis of an evidentiary error absent some indication that the error was not harmless. See *People v King*, 297 Mich App 465, 472; 824 NW2d 258 (2012).

Defendant first argues that the trial court erred when it admitted evidence of other acts under MRE 404(b). The evidence consisted of internet activity revealed by defendant's cellphone and a hard drive recovered from a computer at his residence. Specifically, it showed that internet searches had been made for "teen sex videos," "daddy daughter sex stories," and "first time sex." Additionally, an image file on defendant's cellphone originated from "teenrub.com" and depicted a young female "on her back with her legs spread" and "a male standing over her with his hand in her crotch area." We find no error in the admission of this evidence under MRE 404(b).

-1-

MRE 404(b) provides that evidence of crimes, wrongs, or other acts is inadmissible to show a defendant's propensity to act in conformity with those acts. *People v Crawford*, 458 Mich 376, 383; 582 NW2d 785 (1998). Other-acts evidence, however, may be admissible under MRE 404(b) for another purpose apart from this "character-to-conduct inference." *People v Jackson*, 498 Mich 246, 259; 869 NW2d 253 (2015); *People v Sabin (After Remand)*, 463 Mich 43, 56; 614 NW2d 888 (2000). Defendant argues first that the evidence was inadmissible because he was not charged with or convicted of any crimes based thereon. However, MRE 404(b) imposes no such requirement. *Starr*, 457 Mich at 499. Defendant also argues that it could not be determined who used the devices. However, the evidence indicated that although it could not be *conclusively proven* that defendant was the user, considerable other information on those devices strongly suggested that he was. Whether defendant actually was the user was, therefore, a question for the jury. See *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

As discussed, evidence may not be admitted under MRE 404(b) to show "bad character," but it may be used to show intent or motive. Relevancy turns on whether the proffered evidence helped to prove a material fact at issue. *People v Martzke*, 251 Mich App 282, 287-289; 651 NW2d 490 (2002). Defendant was charged, in part, with second-degree criminal sexual conduct, which requires "sexual contact" with the victim. MCL 750.520c. "Sexual contact" involves intentional touching of the victim's intimate parts, "if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification [or] done for a sexual purpose." MCL 750.520a(q). Consequently, defendant's *purpose* in touching the victim was critically relevant. The nature of the internet activity, specifically its focus on incest and sexual material pertaining to children, made it more likely that he intended to touch the victim's intimate parts for his own sexual gratification or that he was motivated by a sexual purpose in doing so. Thus, we find that the other-acts evidence was relevant to establish a nonpropensity purpose of intent or motive.

Additionally, the challenged evidence's probative value was not substantially outweighed by the danger of unfair prejudice. MRE 403. Although all relevant evidence is prejudicial, *People v Murphy (On Remand)*, 282 Mich App 571, 582-583; 766 NW2d 303 (2009), there is no indication that the other-acts evidence offered in this case "inject[ed] considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock," *People v Pickens*, 446 Mich 298, 337; 521 NW2d 797 (1994) (citation and quotation omitted), or that the jury gave the evidence undue or preemptive weight, *Crawford*, 458 Mich at 398. Moreover, the trial court provided the jury with two limiting instructions concerning this evidence. A cautionary instruction may limit the potential for undue prejudice, *Murphy (On Remand)*, 282 Mich App at 583, and jurors are presumed to follow instructions from the trial court, *People v Waclawski*, 286 Mich App 634, 674; 780 NW2d 321 (2009). Accordingly, the trial court did not abuse its discretion by admitting the other-acts evidence.[1]

---

[1] Plaintiff also argues that the evidence was admissible on a statutory basis under MCL 768.27a. Because we find that the evidence was admissible under MRE 404(b), we need not address its admissibility under the statute.

Defendant also argues that the trial court erred by refusing to suppress evidence taken from his cellphone, asserting that it was seized in violation of his right to be free from unreasonable searches and seizures. US Const, Am IV; Const 1963, art 1, § 11. Therefore, any evidence obtained under a search warrant should have been suppressed as "fruit of the poisonous tree." We review de novo a trial court's ultimate decision on a motion to suppress, *People v Dagwan*, 269 Mich App 338, 341; 711 NW2d 386 (2005), and whether a Fourth Amendment violation occurred, *People v Hyde*, 285 Mich App 428, 436; 775 NW2d 833 (2009). The trial court's findings of fact associated with a motion to suppress are reviewed for clear error. *Dagwan*, 269 Mich App at 342. We find no error.

After a warrant was issued for defendant's arrest, officers located him in the truck he was driving. At the time of defendant's arrest, he was asked where his cellphone was, and defendant indicated that it was in the truck. Defendant's cellphone was seized from the dashboard of the truck, approximately contemporaneously with defendant being placed in handcuffs. No warrant specifically pertaining to the cellphone was obtained until after its seizure.[2] A search or seizure conducted without a warrant is per se unreasonable, unless one of the "specifically established and well-delineated exceptions" applies. *People v Champion*, 452 Mich 92, 98; 549 NW2d 849 (1996). Evidence illegally obtained is generally inadmissible. *People v Hawkins*, 468 Mich 488, 498-499; 668 NW2d 602 (2003).

A number of well-established exceptions to the warrant requirement exist. In relevant part, a search may be made of a vehicle incident to a lawful arrest "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v Gant*, 556 US 332, 338; 129 S Ct 1710; 173 L Ed 2d 485 (2009) (quotation and citation omitted). Defendant was not arrested for, for example, a moving violation, but rather for the crimes for which he was actually charged in this matter. The victim's forensic interview specifically mentioned a photograph defendant had taken of her with his cellphone. Consequently, it would have been reasonable for the arresting officers to believe that evidence corroborating the victim's allegations of criminal sexual conduct would be found in defendant's cellphone, which defendant admitted was in the vehicle. Therefore, we find no Fourth Amendment violation because defendant's cellular telephone was lawfully seized during a search incident to arrest, and its contents were properly admitted at trial. We therefore need not consider any of the other exceptions discussed by the parties.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Jane E. Markey
/s/ Michael J. Kelly

---

[2] After the cellphone's seizure, a warrant was obtained to search its contents.